**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                      No. 97-4870

CLAYTON MASSENBURG,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-97-111)

Submitted: November 30, 1998

Decided: December 31, 1998

Before MURNAGHAN and LUTTIG, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert Edwin Walker, Jr., Richmond, Virginia, for Appellant. Helen
F. Fahey, United States Attorney, Noelle M. Dalrymple, Special
Assistant United States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

A jury found Appellant Clayton Massenburg guilty of conspiracy to distribute heroin, in violation of 21 U.S.C.§ 846 (1994); possession with intent to distribute heroin, in violation of 21 U.S.C. § 841 (West 1994 & Supp. 1998); and possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1)-(2) (1994). Finding no error, we affirm.

Massenburg claims that the evidence was insufficient to support his convictions. In support of this claim, Massenburg attacks the credibility of the witnesses who testified against him and the sufficiency of their testimony. This court reviews sufficiency of the evidence challenges by determining whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979). In reviewing the sufficiency of the evidence, this court does not weigh the evidence or consider the credibility of witnesses. See United States v. Arrington, 719 F.2d 701, 704 (4th Cir. 1983).

The record is replete with evidence in support of Massenburg's convictions. The testimony of several witnesses established that Massenburg conspired to possess and to distribute and also possessed heroin.* See United States v. Burgos, 94 F.3d 849, 857 58 (4th Cir. 1996) (en banc). Furthermore, the record provides ample evidence to support the firearms related charges. Thus, taking the evidence in the light most favorable to the Government, we conclude that a rational jury could have found Massenburg guilty of the conspiracy and possession charges. See Burgos, 94 F.3d at 862.

Accordingly, we affirm Massenburg's conviction and sentence. We dispense with oral argument because the facts and legal contentions

_____

*Contrary to Massenburg's assertion on appeal, his conviction was not based solely on the testimony of his accomplice. Even if it were true, however, his conviction would not be tainted by that fact. See United States v. Burns, 990 F.2d 1426, 1439 (4th Cir. 1993).

2

are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3